HOOD, Judge.
This is a suit on a promissory note, in which plaintiff, Allied Finance Company, demands judgment against defendant, Corine Wright, for the principal sum of $3146.70. Defendant answered, contending that the indebtedness had been terminated by a voluntary remission of the debt, and she also filed a reconventional demand for damages.
Judgment on the merits was rendered by the trial court awarding plaintiff the sum demanded, subject to a credit of $1260.75. Defendant appealed, contending that the trial court erred in condemning her to pay any amount at all. Plaintiff answered the *375 appeal, contending that the trial court erred in allowing defendant a credit on the original indebtedness.
The principal questions presented are: Had the original indebtedness from Corine Wright to Allied Finance Company been extinguished by a voluntary remission of the debt prior to this suit? and (2) If the indebtedness had not been extinguished by such a remission, then did the trial court err in allowing defendant a credit of $1260.75 on that indebtedness?
There is no dispute as to the facts. In May, 1966, Corine Wright purchased a pickup truck from Shirley Chevrolet Company, in DeRidder. A down payment was made on the purchase price, and as evidence of the remaining balance due Corine Wright executed a promissory note, made payable to the order of Shirley Chevrolet Company, for the principal sum of $3331.80. The note was dated May 31, 1966, it was made payable in 36 monthly installments, and it was secured by a chattel mortgage on the truck.
On the day the note was executed, it was endorsed by the payee and was transferred to plaintiff, Allied Finance Company, for a valuable consideration. All parties agree that plaintiff became a holder in due course of the note at that time.
On June 10, 1966, or about ten days after this sale was completed, the truck was seized by order of a Commissioner of the United States District Court for the Western District of Louisiana, because it was found to have been used in violation of the Internal Revenue Liquor Laws (26 U.S.C.A. §§ 7302 ; 5691(a); 5121; and 5686). It was stored in Calcasieu Parish, and it has remained in the actual or constructive custody of the Federal Government continuously since that time.
Allied Finance Company was informed promptly of this seizure, and it thereupon filed a petition with the Internal Revenue Service, of the United States Treasury Department, praying for the release of the seized truck. The petition for release was denied by the Internal Revenue Service on October 25, 1966, for the reason that “the petitioner failed to satisfactorily establish that through the exercise of reasonable diligence it [Allied Finance Company] could not have ascertained that at the time of the transaction relied upon the person dealt with [Corine Wright] possessed a record and a reputation as a violator of the liquor laws.”
On November 9, 1966, Allied Finance Company instituted suit by executory process against Corine Wright, demanding that the truck be seized and sold. That suit was instituted in Calcasieu Parish, where the truck was being stored. A writ of seizure and sale was issued, and pursuant to that writ the truck was sold by the Sheriff of Calcasieu Parish on December 7, 1966. It was adjudicated to Allied Finance Company for $1300.00, that being the highest bid made for the vehicle. A return of the writ was filed by the Sheriff, showing that the truck had been adjudicated to plaintiff, that a portion of the purchase price had been applied to the payment of costs, and that the balance, amounting to the sum of $1260.75, was being retained by plaintiff to be applied to the indebtedness.
After this sale had been completed Allied Finance Company learned that the Internal Revenue Service had removed the truck from Calcasieu Parish two days before the sale was held. The Sheriff, therefore, was unable to deliver possession of the truck to plaintiff. The truck has never been recovered, and neither plaintiff nor defendant has been able to obtain possession of it since it was originally seized on June 10, 1966.
Upon motion of plaintiff, a formal order was signed by the trial court on December 14, 1966, dismissing without prejudice the proceeding by executory process which plaintiff had filed against defendant, and which had resulted in the sale of the truck.
This suit was then instituted on February 16, 1967. Plaintiff here claims the full *376 amount due on the promissory note, less a credit for two monthly payments which were made by the defendant. The last such payment was made on August 15, 1966, which was after the truck had been seized by the Federal Government.
Shortly after plaintiff learned of the seizure of the truck by the Internal Revenue Service, one of plaintiff’s representatives informed defendant that plaintiff would apply for the release of the truck. If it succeeded in getting the truck released, this representative informed defendant that the truck would be returned to her and she thereupon could keep it by continuing to make the regular monthly payments on her promissory note. The manager of plaintiff company testified that this arrangement was entered into because it appeared to be to the best interests of both plaintiff and the defendant. Plaintiff would be preserving its security for the indebtedness, and defendant would be obtaining the use of the truck which she had bought.
When plaintiff’s petition to have the truck released was rejected, plaintiff instituted the above mentioned foreclosure proceeding by executory process primarily for the purpose of strengthening its position in its further efforts to obtain such a release. Plaintiff acknowledges that when it bought the truck at the sheriff’s sale it was aware of the fact that the vehicle had been seized by the Internal Revenue Service, that it was then in the custody of the Federal Government and that the Sheriff did not have physical possession of it. By having it sold at sheriff’s sale, and by purchasing it at that sale, however, plaintiff felt that it would have a better chance for success in its later efforts to get possession of the truck.
When plaintiff finally determined that it could not prevail upon the Internal Revenue Service to release the truck, it instituted this suit for the balance due on the note. It has allowed defendant credit for the two monthly payments which she made, but it contends that no credit is due defendant from the sheriff’s sale held on December 7, 1966. Plaintiff takes the position that it submitted only a “constructive bid” at the sheriff’s sale, that since it did not obtain possession of the truck at that sale it bought “nothing,” and that defendant thus is not entitled to credit on her indebtedness by reason of such a sale.
Defendant argues that the negotiations entered into between plaintiff and herself prior to the sheriff’s sale constituted a remission of the original indebtedness, and a new agreement. The new agreement, defendant contends, was that if plaintiff succeeded in obtaining possession of the truck it would resell it to defendant at the same purchase price. Plaintiff never obtained possession of the truck so the second sale did not take place. But defendant takes the position that the remission of the old debt did occur and is binding on plaintiff.
We agree with the trial judge that the negotiations which took place between plaintiff and defendant prior to the sheriff’s sale did not constitute a voluntary remission, and thus an extinguishment, of the original indebtedness. The original promissory note which was signed by defendant was not surrendered to defendant, and the evidence convinces us that plaintiff did not at any time remit, or intend to remit, the original indebtedness. See LSA-C.C. arts. 2130; and 2199-2206. No issue is before us as to whether LSA-C.C.P. art. 2379 is applicable.
Our conclusion, therefore, is that the original indebtedness owed by defendant to plaintiff has not been extinguished by voluntary remission or by any other agreement between the parties.
We also agree with the trial judge that defendant is entitled to a credit of $1260.75 on the indebtedness. Plaintiff purchased the truck at the sheriff’s sale, with full knowledge of the fact that the vehicle had been seized by the Internal Revenue Service, and that there was considerable uncertainty as to whether it or *377 defendant could obtain actual possession of the truck. No effort has been made by plaintiff to annul or set aside the sheriff’s sale.
LSA-C.C.P. art. 2371 provides that “The adjudication transfers to the purchaser all the rights and claims of the judgment debtor as completely as if the judgment debtor had sold the property.” And the next article sets out that “The property is sold subject to any real charge or lease with which it is burdened, superior to any mortgage, lien, or privilege of the seizing creditor.”
In this instance, the adjudication of the truck to plaintiff at the sheriff’s sale vested in plaintiff all of the rights and claims which Corine Wright had to the truck, as completely as though the defendant had sold the truck to plaintiff. It also was sold subject to the prior right of the Internal Revenue Service to seize and hold it. Being fully aware of all of these circumstances, plaintiff submitted a bid of $1300.00 for the truck, and we think that credit must be allowed on the indebtedness for the net proceeds of that sale.
Defendant, in her reconventional demand, also claims additional credit for unearned interest and for a refund of unearned insurance premiums. These are equitable defenses which may not be urged here since plaintiff admittedly is a holder in due course of the note.
We find no error in the judgment rendered by the trial court awarding plaintiff the amount claimed, subject to a credit of $1260.75, that being the net proceeds of the sheriff’s sale.
For the reasons herein assigned, the judgment appealed from is affirmed.
The costs of this appeal are assessed to defendant-appellant.
Affirmed.